UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80924-MC-MARRA

In re THOMAS G. HINNERS,

Debtor.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Argent Corporation's Motion for Leave to File Interlocutory Appeal of July 31, 2012 Order Denying Motion to Quash Order Compelling Mediation Based Upon Newly Discovered Evidence of Debtor's Asset Concealment (DE 1). Debtor Thomas G. Hinners has filed a response (DE 2-2.)  No reply memorandum was filed.

Argent Corporation ("Argent") seeks leave to appeal the bankruptcy court's order denying the motion to reconsider its order compelling mediation.  Argent contends that it should not have to attend mediation because Thomas G. Hinners ("Hinners"), the debtor, is acting in bad faith and any mediation is a waste of resources and "will be an epic failure." (Mot. at 8.)

District courts are authorized to grant leave to hear appeals of interlocutory orders entered by a bankruptcy court pursuant to 28 U.S.C. § 158(a).  However, that provision does not provide the district court with any criteria for determining how to exercise its discretionary authority to grant a leave to appeal.  Therefore, a district court must instead turn to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the courts of appeals. In re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).  In order to grant interlocutory review under 28 U.S.C. § 1292(b), a party must demonstrate that (1) the order presents a controlling

question of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.  See McFarlin v. Conseco Svcs., LLC, 381 F.3d 1251, 1255 (11th Cir. 2004).

Even applying these factors, the moving party still has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lyband v. Livesay, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals). Moreover, district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule.  United States Trustee v. PHM Credit Corp., 99 B.R. 762, 767 (E.D. Mich. 1989).  Put another way, "[r]outine resort to [section] 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for  exceptional cases while generally retaining for the federal courts a firm final judgment rule." Caterpiller Inc. v. Lewis, 519 U.S. 61, 74 (1996) (internal quotation marks omitted).

With these principles in mind, the Court exercises its discretion to deny the motion for leave to appeal.   Argent has not met any of the standards for a discretionary interlocutory appeal. In particular, Argent cannot show that immediate resolution of this issue would advance the termination of this litigation.  In fact, Argent is responsible for delaying this litigation by refusing to participate in the mediation and by filing multiple interlocutory appeals.[1]  Indeed, even assuming arguendo that Hinners is operating in bad faith, the best approach to advance this case

---

[1] See, e.g., Case nos. 12-80926-MC-MARRA, 12-cv-80930-CIV-MOORE.

is to attend mediation and, if it fails, resume the proceedings in the bankruptcy court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Argent Corporation's Motion for Leave to File Interlocutory Appeal of July 31, 2012 Order Denying Motion to Quash Order Compelling Mediation Based Upon Newly Discovered Evidence of Debtor's Asset Concealment (DE 1) is **DENIED.**

The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of September, 2012.

_____
KENNETH A. MARRA
United States District Judge